## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ZACHARY LATIMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Number:** |
| | ) | |
| **CREDIT COLLECTION SERVICES;** | ) | |
| **FRONTIER COMMUNICATIONS;** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

Plaintiff Zachary Latimore, in the above-styled cause, hereby files his Complaint against the Defendants as follows:

## PARTIES

1. The Plaintiff, Zachary Latimore, is a resident and citizen of the state of Texas, Dallas County, and is over the age of twenty-one (21) years. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and by applicable Texas law.

2. The Defendant, Credit Collection Services ("CCS"), is an entity and was, in all respects and at all times relevant herein, doing business in the state of Texas in this district, and in Dallas County, Texas, and is registered to do business in Texas. Defendant CCS is in the business of collecting consumer debts. Defendant CCS is a "Third-party debt collector" as defined by Tex. Fin. Code § 392.001(7). The debt at issue is a "consumer debt" as defined by Tex. Fin. Code § 392.001(6).

1

3.      The Defendant Frontier Communications ("Frontier"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Texas in this district and in Dallas County, Texas.  Defendant CCS is a "Debt collector" as defined by Tex. Fin, Code § 392.001(6). The debt at issue is a "consumer debt" as defined by Tex. Fin. Code § 392.001(6).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and § 1367. Venue is proper in that the Defendant transacted business here and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

5.      On or about December 2023, Plaintiff arranged for internet service with Frontier for his apartment located in Irving, Texas.

6.      After multiple unsuccessful attempts to get a technician from Frontier to come to his apartment and install internet services, Plaintiff canceled the service he never received and opted to use a different internet service provider.

7.      Despite having not received internet service from Frontier and canceling said service due to failure to install it, Frontier billed Plaintiff for internet service.

8.      Plaintiff contacted Frontier on multiple occasions to dispute their billing him for services he did not receive.

9.      In March 2024, Frontier finally stopped billing Plaintiff but represented to Plaintiff that he had accrued charges in the approximate amount of $818.00 for internet services it never provided to him.

10.     After continuing to dispute the erroneous billing, Frontier eventually removed one month's billing amount leaving a balance of approximately $618.00.

11.     Plaintiff continued to dispute with Frontier that he owed it any money.

12.     Frontier, undeterred from continuing to compel Plaintiff into paying money he never owed, sent his account to Defendant CCS, a collection agency.

13.     CCS sent Plaintiff a collections letter on or about July 16, 2024 in an effort to collect the debt that Frontier alleged Plaintiff owed for the services it never provided.

14.     The July 16, 2024 collection letter stated that CCS was going to report adverse credit information regarding Plaintiff to the three major credit reporting agencies.

15.     Reporting adverse credit information to the credit reporting agencies is done by CCS in an attempt to collect debt from consumers.

16.     Plaintiff obtained his credit reports and CCS has reported the alleged Frontier debt to the credit reporting agencies.

17.     The alleged Frontier debt was incurred for personal or household purposes.

18.     Plaintiff does not owe the Frontier debt that CCS is attempting to collect.

19.     Plaintiff is employed with the United States Government and holds a top secret security clearance.

20.     In that position, Plaintiff's credit is routinely monitored by the United States Government.

21.     The false adverse credit information reported by CCS is likely to have an extremely detrimental effect on Plaintiff's employment and could potentially cost him his job.

## COUNT ONE
## FDCPA CLAIM AGAINST DEFENDANT CCS

22.     The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

23.     The Defendant CCS engaged in collection activities and practices in violation of the Fair Debt

3

Collection Practices Act.

24.    The Defendant CCS made false representations of the character, amount, or legal status of any debt and used false representations or deceptive means to collect or attempt to collect the debt or to obtain information concerning a consumer.15 U.S.C. § 1692e.

25.    As a proximate cause of Defendant CCS's actions, the Plaintiff lost time and has suffered mental damages and the accompanying physical damages.

## COUNT TWO
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANT CCS AND DEFENDANT FRONTIER

26.    The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

27.    Defendants Frontier and CCS violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt.

28.    Defendant CCS violated Tex. Fin. Code § Sec. 392.301(8) by threatening to take an action prohibited by law in reporting the false consumer debt to consumer reporting agencies.

29.    As a proximate cause of Defendants' conduct, the Plaintiff lost time and has suffered mental damages and the accompanying physical damages.

## COUNT THREE
## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT AGAINST DEFENDANT CCS AND DEFENDANT FRONTIER

30.    The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

31.    Under the Texas Debt Collection Practices Act, "A violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under

that subchapter."  Tex. Fin. Code § Sec. 392.404.

32.    Plaintiff has alleged violations under the Texas Debt Collection Practices Act.

33.    Plaintiff alleges the Defendant CCS and Defendant Frontier's actions were done willfully.

34.    As a proximate cause of Defendants' conduct, the Plaintiff lost time and has suffered mental damages and the accompanying physical damages.

## AMOUNT OF DAMAGES DEMANDED

Plaintiff demands a judgment against the Defendants as follows:

35.    Compensatory and punitive damages against the Defendants;

36.    Remedies available under the FDCPA, including statutory damages, costs, and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

37.    Remedies available under cited Texas law, including statutory damages, compensatory damages, exemplary damages, costs and attorneys' fees and any other available damages; and,

38.    Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35203
(205) 378-8121
jch@jch-law.com

5